PER CURIAM:
The Claimant brought this action for vehicle damage which occurred when her 2005 Chrysler Town and Country struck a storm drain on State Route 2 in Paden City, Wetzel County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on May 18, 2009. The Claimant testified that she drove to the curb of State Route 2 to park her vehicle in front of the Quality Aluminum store when her passenger side tires and rims were damaged on the opening to a storm drain. Although the main portion of the drain was situated on the curb of the road, the opening for the drain was located on the pavement where there was a drop in the road surface. The Claimant testified that there were no metal bars covering the opening for the storm drain at that time. The Claimant’s friend, Linda Leasure, testified that in her opinion the storm drain posed a hazard to pedestrians who could easily fall into this hole between the pavement and the curb. As a result of this incident, the Claimant’s vehicle sustained damage to its tires and rims in the amount of $938.10. The Claimant also had to rent a vehicle, totaling $110.10, which was not covered by her insurance. The Claimant’s insurance deductible was $1,000.00 at the time of the incident.
The position of the Respondent is that it did not have actual or constructive notice of the hazardous condition created by the storm drain on State Route 2. Charles Miller, Crew Leader for the Respondent, testified that the drain was installed at that location during the summer of2004 according to the specifications adopted by the State Road Commissioner and the Division of Highways. He stated that the metal bars were included in the specifications for the construction of this drain. Mr. Miller could not state with certainty that the metal bars were covering the drain on the day of the incident, but he stated that, according to the specifications, the bars were supposed to be there. Mr. Miller does not have any records that the bars were installed after the Claimant’s incident. He further stated that there was nothing obstructing the view of the storm drain.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold the Respondent liable for road defects of this type, a Claimant must prove that the Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that the Respondent’s storm drain at this location on State Route 2 was designed according to DOH’s specifications. Photographs admitted into evidence depict the grate at the edge of the curb with a small gap between the pavement edge and the grate at the curb. This appears to the Court to be necessary for water to flow from the road surface into the drainage structure. The drainage structure does not appear to pose a hazard to the traveling public parking a vehicle at the edge of the curb at a normal distance from the curb. Further, there was nothing obstructing the view of the drain’s opening which created a small drop in the paved surface of the road. Accordingly, the Court finds *142 that there is insufficient evidence of negligence on the part of the Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.